**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GUADALUPE CRUZ, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) Judge |
| LABOR NETWORK PERSONNEL SERVICES, INC. and ARYZTA, LLC d/b/a ARYZTA CHICAGO | ) Magistrate Judge ) ) |
| | ) |
| Defendants. | ) |

**COLLECTIVE AND CLASS COMPLAINT**

Plaintiff Guadalupe Cruz, on behalf of herself and all other persons similarly situated, known and unknown ("Plaintiff"), for her Complaint against Labor Network Personnel Services, Inc. ("Labor Network") and Aryzta, LLC d/b/a Aryzta Chicago ("Aryzta") (collectively "Defendants"), states as follows:

## I.    NATURE OF THE CASE

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Day and Temporary Laborer Services Act, 820 ILCS 175/1 *et seq.* ("IDTLSA") for: (1) Defendants' failure to pay Plaintiff and other similarly situated laborers wages for all time worked, including the failure to pay the Illinois and federally-mandated minimum wage; (2) Defendants' failure to pay Plaintiff and other similarly situated laborers overtime wages for all time in excess of forty (40) hours in a work week in violation of the FLSA and IMWL, and IDTLSA; (3) Defendant Labor Network's failure to provide Plaintiff and other similarly situated laborers with an Employment Notice as required by Section 10 of the IDTLSA; (4) Defendant Labor Network's failure to provide Plaintiff and other similarly situated laborers

with a Wage Payment Notice as required by Section 30(a) of the IDTLSA; and (5) Defendant Aryzta's failure to provide Plaintiff and other similarly situated laborers with a Work Verification Form at times Plaintiff and other similarly situated laborers was assigned for a single day   as required by Section 30(a-1) of the IDTLSA. For minimum wage and overtime claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA. 29 U.S.C. §216(b). For claims arising under the IMWL and the IDTLSA, Plaintiff seeks to certify these claims as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b). Plaintiff further seeks an injunction against Defendant from future violations of federal and state wage laws.

## II.        JURISDICTION AND VENUE

2.        This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## III.        PARTIES

**A.**     **Plaintiff**

3.        During the course of her employment, Plaintiff Guadalupe Cruz

    a.        handled goods that have moved in interstate commerce;

    b.        resided within this judicial district in Illinois;

    c.        was an "employee" of Defendants in Illinois as that term is defined by the FLSA, the IMWL and the IDTLSA; and

    d.        was employed by Defendants as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5;

**B.**    <u>Defendants</u>

4.    Within the three years prior to the filing of this matter, Defendant Labor Network:

    a.    has been a corporation organized under the laws of the State of Illinois;

    b.    has been located in and conducted business in Illinois and within this judicial district;

    c.    has been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party client companies;

    d.    has been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5;

    e.    has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

    f.    has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c).

5.    Within the three years prior to the filing of this matter, Defendant Aryzta:

    a.    has been a corporation organized under the laws of the State of Delaware;

    b.    has been located in and conducted business in Illinois and within this judicial district;

    c.    has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section

3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

d.      has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), and the IMWL, 820 ILCS 105/3(c).

## IV.      FACTUAL BACKGROUND

6.      During all relevant times, Defendant Labor Network has been in the business of providing laborers to client companies in Illinois, including but not limited to Aryzta.

7.      Plaintiff and similarly situated laborers were not compensated for all time worked for Defendant.

8.      Plaintiff was assigned to work at the Clover Hill until 2014 when it became Aryzta Bakeries located at Chicago, Illinois.

9.      Plaintiff was a laborer at the bakery and had to pack bread and boxes.

10.      Plaintiff was typically required to work from 3pm until 3am six days per week with a day off each week on either Thursday or Friday.

11.      On many occasions during the three years prior to the filing of this lawsuit, Plaintiff was required to work seven days in a work week.

12.      Plaintiff was hired and paid by Labor Network.

13.      While working at Aryzta, Plaintiff was directed and supervised by employees of Aryzta.

14.      In the three years prior to the filing of this lawsuit, Plaintiff regularly worked for Defendant more than forty hours in a work week.

15.      Plaintiff typically worked 60-75 hours per week.

4

16.     Plaintiff often worked off the clock for 15-20 minutes and Defendants did not pay her for that time.

17.     Typically, Defendants did not pay Plaintiff and other employees for all time worked over forty.

18.     This uncompensated time worked over forty was not paid time at a rate of time-and-a-half.

19.     In the three years prior to the filing of this lawsuit, Defendant Labor Network failed to provide Plaintiff and similarly situated laborers with an "Employment Notice" as required by the IDTLSA at the time of dispatch to third party clients in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

        a.      the name of the day or temporary laborer;

        b.      the name and nature of the work to be performed;

        c.      the wages offered;

        d.      the name and address of the destination of each day and temporary laborer;

        e.      terms of transportation; and

        f.      whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

20.     In the three years prior to the filing of this lawsuit, Defendant Labor Network failed to provide Plaintiff and similarly situated laborers with a proper Wage Payment Notice at the time of payment of wages in the form of an itemized statement, on the laborers' pay stub

or on a form approved by the Illinois Department of Labor, containing the name, address, and telephone number of each third party client at which the laborer worked.

21.     In the three years prior to the filing of this lawsuit, Defendant Aryzta failed to provide Plaintiff and similarly situated laborers with a with a Work Verification Form at times Plaintiff and other similarly situated laborers was assigned for a single day.

22.     Defendants' failure to provide Plaintiff and similarly situated laborers with the required Employment Notice (820 ILCS 175/10(a)), Work Verification Form (820 ILCS 175/10(a-1)) and Wage Payment and Notice (820 ILCS 175/30) has denied Plaintiff and similarly situated laborers of certain information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers. The Illinois legislature found that such at-risk workers are particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deductions from pay for meals, transportation, equipment and other items. 820 ILCS 175/2.

## V.     CLASS ACTION ALLEGATIONS

23.     Plaintiff will seek to certify her state law claims for Illinois-mandated minimum wages (Counts III) arising under the IMWL; for Defendant's overtime violations under the IMWL (Count IV); and for Defendant's notice violations (Counts V – VII) as Class Actions. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

24.     The Class that Plaintiff seeks to represent is composed of and defined as all laborers assigned by Labor Network Personnel Services, Inc. at Aryzta, LLC d/b/a Aryzta Chicago from February 11, 2016 and up through the date of judgment.

25.     Counts III - VII are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

      a.     the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant Labor Network has assigned hundreds of day or temporary laborers in Illinois to work at Aryzta during the IMWL and IDTLSA Class Periods;

      b.     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      (i)     Whether Defendants failed to pay Plaintiff and the Class the Illinois -mandated minimum wage for all time worked in individual work weeks during the IMWL Class Period;

      (ii)     Whether Defendants failed to pay Plaintiff and the Class the overtime wages for all compensable time over forty (40) hours in individual work weeks during the IMWL Class Period;

      (iii)     Whether Defendant Labor Network failed to provide Plaintiff and the Class with an Employment Notice and Wage Payment Notice as required by the IDTLSA; and

      (iv)     Whether Defendant Aryzta failed to provide Plaintiff and the Class with a Work Verification Form as required by the IDTLSA.

      c.     The class representative and the members of the class have been equally affected by the alleged violations described *supra*;

      d.      Given that Class Members are low wage workers in the temporary staffing industry, members of the class will be reluctant to bring forth claims for unpaid wages and notice violations for lack of resources and fear of retaliation;

      e.      The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant and the Court.

26.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the FLSA – Minimum Wage**
**Plaintiff on behalf of herself and other similarly situated employees**
*Section 216(b) Collective Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 26 as though set forth herein.

27.     This Count arises from a violation of the FLSA for Defendants' failure to pay Plaintiff and similarly situated laborers for all hours worked in individual work weeks.

28.     Defendants Labor Network and Aryzta were joint employers of Plaintiff and other similarly situated laborers hired by Labor Network and assigned to work at Aryzta in that both Defendants exercised control over Plaintiff and other similarly situated laborers work.

29.     Defendants suffered and permitted Plaintiff to work for uncompensated time in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

30.     Plaintiff was not exempt from the minimum wage provisions of the FLSA.

31.     Plaintiff was entitled to be compensated for all time worked.

32.     Defendants did not compensate Plaintiff all time worked.

33.     Defendants suffered and permitted other similarly situated, non-exempt laborers to work for uncompensated time in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

34.     Defendants' failure to pay Plaintiff and other similarly situated laborers the in individual work weeks was a violation of the FLSA.

35.     Plaintiff and the Class are entitled to recover unpaid wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff and the class she represents pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA.

B.     A judgment in the amount of wages owed for all time Plaintiff and similarly situated laborers where Plaintiff was not compensated by Defendants;

C.     Liquidated damages in the amount equal to the unpaid wages;

D.     That the Court declare Defendants violated the FLSA;

E.     That the Court enjoin Defendants from continuing to violate the FLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G.     Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FLSA – Overtime Wages
### Plaintiff on behalf of herself and other similarly situated employees
### *Section 216(b) Collective Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 35 as though set forth herein.

36.     This Count arises from a violation of the FLSA for Defendant's failure to pay Plaintiff and similarly situated laborers for all hours worked over forty (40) hours in individual work weeks.

37.     Defendants Labor Network and Aryzta were joint employers of Plaintiff and other similarly situated laborers hired by Labor Network and assigned to work at Aryzta in that both Defendants exercised control over Plaintiff and other similarly situated laborers work.

38.     Defendants suffered and permitted Plaintiff to work in excess of forty (40) hours in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

39.     Plaintiff was not exempt from the overtime wage provisions of the FLSA.

40.     Plaintiff was entitled to be compensated at the rate of one and a half her regular rate for all time worked in excess of forty (40) hours worked in individual work weeks.

41.     Defendants did not compensate Plaintiff their overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks.

42.     Defendants suffered and permitted other similarly situated, non-exempt laborers to work, who were likewise entitled to be paid not less than the overtime premium rate for all time worked over forty (40) in individual work weeks.

43.     Defendants' failure to pay Plaintiff and other similarly situated laborers the overtime hours worked in individual work weeks was a violation of the FLSA.

44.     Plaintiff and the Class are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiff and the Class she represents pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a collective action

pursuant to Section 216(b) of the FLSA.

B.      A judgment in the amount of unpaid overtime wages for all time Plaintiff and similarly situated laborers worked in excess of forty (40) hours in individual work weeks for Defendants;

C.      Liquidated damages in the amount equal to the unpaid wages;

D.      That the Court declare Defendants violated the FLSA;

E.      That the Court enjoin Defendants from continuing to violate the FLSA;

F.      Reasonable attorneys' fees and costs of this action as provided by the FLSA;

G.      Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**
**Plaintiff on behalf of herself and other similarly situated employees**
*Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 44 as though set forth herein.

45.     This Count arises from a violation of the IMWL for Defendants' failure to pay Plaintiff and similarly situated laborers for all hours worked in individual work weeks.

46.     Defendants Labor Network and Aryzta were joint employers of Plaintiff and other similarly situated laborers hired by Labor Network and assigned to work at Aryzta in that both Defendants exercised control over Plaintiff and other similarly situated laborers work.

47.     Defendants suffered and permitted Plaintiff to work for uncompensated time in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

48.     Plaintiff was not exempt from the minimum wage provisions of the IMWL.

49.     Plaintiff was entitled to be compensated for all time worked.

50.     Defendants did not compensate Plaintiff all time worked.

51.     Defendants suffered and permitted other similarly situated, non-exempt laborers to work, who were likewise entitled to be paid no less than the Illinois-mandated minimum wage for all time worked in individual work weeks.

52.     Defendants' failure to pay Plaintiff and other similarly situated laborers the in individual work weeks was a violation of the IMWL.

53.     Pursuant to 820 ILCS 105/12(a), Plaintiff and the Class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

54.     Pursuant to Section 85(b) of the IDTLSA, Aryzta is jointly liable for violations of the IMWL.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     A judgment in the amount unpaid wages for all the time Plaintiff and similarly situated employees worked in individual work weeks for Defendants;

C.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendants violated the IMWL and IDTLSA;

E.     That the Court enjoin Defendants from violating the IMWL and IDTLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

G.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**Plaintiff on behalf of herself and other similarly situated employees**
***Class Action***

Plaintiff incorporates and re-alleges paragraphs 1 through 54 as though set forth herein.

55. This Count arises from a violation of the IMWL for Defendants' failure to pay Plaintiff and the Class she represents the overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

56. Defendants Labor Network and Aryzta were joint employers of Plaintiff and other similarly situated laborers hired by Labor Network and assigned to work at Aryzta in that both Defendants exercised control over Plaintiff and other similarly situated laborers work.

57. Defendants suffered and permitted Plaintiff to work overtime in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

58. Plaintiff was not exempt from the overtime wage provisions of the IMWL.

59. Plaintiff was entitled to be compensated at a rate of time-and-a-half for all time worked in excess of forty (40) hours in individual work weeks.

60. Defendants violated the IMWL by failing to compensate Plaintiff and other similarly situated laborers' overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

61. Defendants' failure to pay Plaintiff and other similarly situated laborers overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

62. Pursuant to 820 ILCS 105/12(a), Plaintiff and members of the class are entitled to recover unpaid overtime for three (3) years prior to the filing of this suit.

63. Pursuant to Section 85(b) of the IDTLSA, Aryzta is jointly liable for violations of the IMWL.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount unpaid overtime wages for all the time Plaintiff and

similarly situated employees worked in excess of forty (40) hours in individual work weeks for Defendants;

C.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendants violated the IMWL and IDTLSA;

E.     That the Court enjoin Defendants from violating the IMWL and IDTLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

G.     Such other and further relief as this Court deems appropriate and just.

**COUNT V**
**Illinois Day and Temporary Labor Services Act - Employment Notices**
**Plaintiff on behalf of herself and other similarly situated employees against Labor Network**
***Class Action***

Plaintiff incorporates and re-alleges paragraphs 1 through 63 as though set forth herein.

64.     This Count arises from the violation of the IDTLSA for Defendant Labor Network's failure to provide Plaintiff and similarly situated laborers with a proper Employment Notices as required by Section 10(a) of the IDTLSA.

65.     Defendant employed Plaintiff and similarly situated laborers and assigned them to work at third party client companies, including Aryzta.

66.     Defendant was obligated to provide Plaintiff and the Class with an Employment Notice containing the information identified in ¶19, *supra*, at the time each laborer was initially dispatched to work and any time the material terms listed on the Employment Notice changed. 820 ILCS 175/10.

67.     Defendant failed to provide Plaintiff and the Class with Employment Notices at the time of dispatch to third party clients or at the time any terms listed on an Employment Notice changed as required by the IDTLSA.

68.     Defendant violated the IDTLSA by failing to provide to Plaintiff and Class Members with an Employment Notice as required by the IDTLSA.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant Labor Network as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     That the Court award Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 10(a) of the IDTLSA;

C.     That the Court declare that Defendant has violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10(a);

D.     That the Court enjoin Defendant from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.     Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**Illinois Day and Temporary Labor Services Act – Wage Payment Notices**
**Plaintiff on behalf of herself and other similarly situated employees against Labor Network**
***Class Action***

Plaintiff incorporates and re-alleges paragraphs 1 through 68 as though set forth herein.

69.     This Count arises from the violation of the IDTLSA for Defendant Labor Network's failure to provide Plaintiff and similarly situated laborers with a proper Wage Payment Notices as required by Section 30 of the IDTLSA.

70.     Defendant employed Plaintiff and similarly situated laborers and assigned them to work at third party client companies, including Aryzta.

71.     Defendant was obligated to provide Plaintiff and the Class with a Wage Payment Notice containing the information identified in ¶20, *supra*, at the time each laborer received wages. 820 ILCS 175/30.

72.     Defendant failed to provide Plaintiff and the Class with a proper Wage Payment Notice containing, for example, the name of the third party client company at which they were assigned to work with their wages as required by the IDTLSA.

73.     Defendant violated the IDTLSA by failing to provide to Plaintiff and Class Members with a proper Wage Payment Notice as required by the IDTLSA.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant Labor Network as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     That the Court award Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 30 of the IDTLSA;

C.     That the Court declare that Defendant has violated the Wage Payment Notice provision of the IDTLSA. 820 ILCS 175/10;

D.     That the Court enjoin Defendant from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Illinois Day and Temporary Labor Services Act – Work Verification Notice
### Plaintiff on behalf of herself and other similarly situated employees against Aryzta
### *Class Action*

Plaintiff incorporates and re-alleges paragraphs 1 through 73 as though set forth herein.

74.     This Count arises from the violation of the IDTLSA for Defendant Aryzta's failure to provide Plaintiff and similarly situated laborers with a proper Work Verification Notices as required by the Section 10(a-1) of the IDTLSA.

75.     Defendant was a third party client company of Labor Network and Plaintiff and similarly situated laborers were assigned to work at Aryzta.

76.     Defendant was obligated to provide Plaintiff and the Class with a Work Verification Notice on days when Plaintiff and other similarly situated laborers were assigned for a single day. 820 ILCS 175/10(a-1).

77.     Plaintiff was assigned to work at Aryzta for a single day without a contract or guarantee of work beyond that single day.

78.     Other similarly situated laborers were assigned by Labor Network to work at Aryzta for a single day without a contract or guarantee of work beyond that single day.

79.     Defendant Aryzta failed to provide Plaintiff and the Class with a Work Verification Notice containing the information described in ¶21, *supra*.

80.     Defendant Aryzta violated the IDTLSA by failing to provide to Plaintiff and Class Members a Work Verification Notice when required by the IDTLSA.

WHEREFORE, Plaintiff and the class pray for a judgment against Defendant Aryzta as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.     That the Court award Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 10(a-1) of the IDTLSA;

C.     That the Court declare that Defendant has violated the Work Verification Notice provision of the IDTLSA. 820 ILCS 175/10(a-1);

D.     That the Court enjoin Defendant from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  February 11, 2018

*s/Christopher J. Williams*
Christopher J. Williams (ARDC #6284262)
WORKERS' LAW OFFICE, PC
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121


/s/ Alexandria Santistevan
Alexandria Santistevan (ARDC #6327547)
FARMWORKER & LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL, 60602
litigation@flapillinois.org
(312) 784-3541

Attorneys for Plaintiffs